### MERCHANTS' WAREHOUSE CO. v. REBER.

(Circuit Court of Appeals, Third Circuit. January 17, 1921.)

No. 2571.

Receivers ⊂⟩74—Warehouse company, parting with property after service of order preserving status quo, held guilty of contempt.

A warehouse company, with which goods were stored by a railroad company when not called for by the consignee, and which, after claim by the shipper and demand by the consignee's receiver, and service of an order from the District Court appointing the receiver, forbidding disturbance of the status quo, returned the goods to the railroad company under advice of counsel, was guilty of contempt, whether the advice was correct. or not, as it had no right to determine for itself the ownership of the goods.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Proceeding by J. Howard. Reber, as receiver of the National Corporation, and as receiver of the Bartram Hotel Company, against the Merchants' Warehouse Company. From an order adjudging the Warehouse Company in contempt (263 Fed. 250), it appeals. Affirmed. See, also, 265 Fed. 791.

M. Hampton Todd, of Philadelphia, Pa., for appellant.

Percival H. Granger, of Philadelphia, Pa.; for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and BODINE, District Judge.

BUFFINGTON, Circuit Judge. This case concerns the controverted ownership of personal property. A railroad company had transported it, and, on the consignee delaying taking it away, had placed it on storage with a warehousing company. The shipper claimed the goods under an alleged right of stoppage in transit and the receiver in equity of the consignee claimed it as an alleged purchaser. Pending a demand by such receiver and a served order from the District Court, which forbade disturbance of the status in quo, the warehouse company, under advice of counsel, returned the goods to the railroad company, which latter took the goods out of the jurisdiction of the court and returned them to the shipper. Thereupon the court, after hearing, adjudged the warehouse company in contempt and imposed a substantial fine therefor. The warehouse company then brought the matter to this court for review.

⊂⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

We find no reason to differ from or question that court's action. The question before it was not whether the advice under which the warehouse company acted was correct, but whether the warehouse company, in determining for itself the ownership of the goods, and acting on such determination, and permitting them to pass out of the jurisdiction of the court, was guilty of contempt. On this latter question we have no doubts. While the facts and circumstances, motive, and character of counsel in Re Star Spring Bed Co., 203 Fed. 640, 122 C. C. A. 36, are wholly different from those of the present case, yet the principle therein stated by this court, in the case of controverted ownership of property involved in bankruptcy administration, is applicable to and determinative of the present matter. In that case, referring to the holder of the property in controversy, we there said:

"When asked why he did not permit the court to decide the controverted question of the ownership of these notes, [he] said, 'I will take the responsibility for judging that.' If answer to such contention, or condemnation of such conduct, were required, it is found in Gompers v. Buck, 221 U. S. 450, * * * where the [Supreme Court of the United States] say: 'If a party can make himself a judge of the validity of orders which have been issued, and by his own act of disobedience set them aside, then are the courts impotent, and what the Constitution now fittingly calls "the judicial power of the United States" would be a mere mockery.' "

It will thus be seen that the duty of the warehouse company—a mere custodian—was clear, and when it undertook to decide the controverted question of ownership itself, allow the goods to go out of the court's jurisdiction, and make it impossible for that court to decide such ownership, it placed the process, power, and jurisdiction of the court in such contempt that, in ordering it to pay the moderate fine imposed, the contemned court exercised its punitive power with a sparing hand.

The order below is affirmed.